**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

DEC 2 0 2021

TAMMY H. DOWNS, CLERK
By:_____
DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**SAMUEL MACHEAK, individually and**
**On behalf of all others similarly situated**                                    **PLAINTIFF**

V.                              CASE NO. 4:21-CV-*1217-* BRW

**BAPTIST HEALTH**                                                        **DEFENDANT**

## CLASS AND COLLECTIVE ACTION COMPLAINT

COMES NOW Samuel Macheak individually and on behalf of all others similarly situated,

by and through his attorney Chris Burks of WH LAW, for his Class and Collective Action Complaint

against Baptist Health, they do hereby state and allege as follows:

### I. PRELIMINARY STATEMENTS

1.      This is a class action and a collective action brought by Plaintiff Samuel Macheak

individually and on behalf of similarly situated salaried exempt employees employed by Defendant

at any time within a three-year period preceding the filing of this Complaint.

2.      Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et*

*seq.* ("FLSA") and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.*

("AMWA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment

interest, and costs, including reasonable attorneys' fees, as a result of Defendant's intentional

misclassification of Plaintiff and other similarly situated employees as exempt from FLSA and

AMWA maximum hours requirements under the provisions of 29 U.S.C. § 213.

3.      Plaintiff and other similarly situated employees did not meet the exemption

requirements of 29 U.S.C. § 213 and should have been classified as non-exempt from the FLSA

overtime premium requirements.

This case assigned to District Judge _Wilson_
and to Magistrate Judge _Ervin_

4.      As a result of Defendant's intentional misclassification, Plaintiff and other similarly situated salaried employees were not paid the legally required overtime premium when they worked more than forty (40) hours in any one-week period.

5.      Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendant has willfully and intentionally committed violations of the FLSA and AMWA as described, *infra*.

## II. JURISDICTION AND VENUE

6.      The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

7.      Plaintiff's claims under the AMWA form part of the same case or controversy and arise out of the same facts as the FLSA claims alleged in this Complaint.

8.      Therefore, this Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

9.      The acts complained of herein were committed and had their principal effect within the Central Division of the Eastern District of Arkansas. Accordingly, venue is proper within this District pursuant to 28 U.S.C. § 1391.

10.     Defendant does business in this District and a substantial part of the events alleged herein occurred in this District.

11.     The witnesses to overtime wage violations alleged in this Complaint reside in this District.

12.     On information and belief, the payroll records and other documents related to the payroll practices that Plaintiff challenge are located in this District.

### III. THE PARTIES

13.     Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

14.     Plaintiff Samuel Macheak is a resident and citizen of Pulaski County.

15.     Plaintiff Samuel Macheak was employed by Defendant as a salaried employee within the three years relevant to this lawsuit.

16.     Defendant classified Plaintiff Macheak and other similarly situated salaried employees as qualifying as exempt from FLSA maximum hours requirements under the provisions of 29 USC § 213.

17.     Plaintiff and other similarly situated employees received a set salary from Defendant, regardless of how many hours they worked in any given work week.

18.     Plaintiff and other similarly situated salaried employees did not qualify as exempt computer systems analysts, engineers, programmers, or other similarly skilled workers as defined under 29 USC §213(a)(17).

19.     Plaintiff and other similarly situated salaried employees did not qualify as exempt in an executive, administrative, or professional capacity as defined under 29 USC § 213(a)(1).

81.     At all material times, Plaintiff and other similarly situated employees have been entitled to the rights, protection, and benefits provided under the FLSA and AMWA, including a payment of a lawful overtime payment of one and one-half times their regular rate of pay for all hours worked over forty (40) hours in each one-week period.

20.     Defendant Baptist Health is a non-profit corporation, registered and licensed to do business in the State of Arkansas.

21.     Defendant Baptist Health's registered agent for service of process in Arkansas is Greg Graham, who is able to be served at Med Towers I, Suite 670, 9601 Baptist Health Dr., Little Rock, AR 72205.

22.     Defendant Baptist Health is an "employer" within the meanings set forth in the FLSA and AMWA, and was, at all times relevant to the allegations in this Complaint, Plaintiff's employer, as well as the employer of the members of the class and collective.

23.     Defendant Baptist Health is a non-profit health care system that consists of multiple hospitals and healthcare facilities in the state of Arkansas.

**24.**     Plaintiff was employed by Defendant Baptist Health as a computing specialist from 2003 until September 2020.

**25.**     Defendant Baptist Health has employees engaged in commerce and has employees handling or otherwise working on goods or materials that have been moved in or produced for commerce by others, such computers, telephones, and healthcare equipment and supplies.

26.     Defendant Baptist Health's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) for each of the three years preceding the filing of this complaint.

## IV.     FACTUAL ALLEGATIONS

27.     Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

28.     During part of the three (3) years prior to the filing of this lawsuit, Plaintiff worked for Defendant as a computing specialist.

29.     Plaintiff and similarly situated salaried computer specialist employees regularly worked in excess of forty (40) hours per week throughout their tenure with Defendant.

30.     Plaintiff and other similarly situated salaried employees typically worked between fifty (50) and sixty (60) hours per work. This included regular on-call shifts during which they were required to use their phones and computers to respond to requests and issues while out of the office.

31.     Regardless of the number of hours Plaintiff and other similarly situated salaried employees actually worked in a given workweek, they received a set salaried pay rate from the Defendant.

32.     Plaintiff's job duties as a computing specialist included providing support to users of the Defendant's computer system servers, general applications, and operation systems.

33.     Defendant treated and classified Plaintiff Macheak and other similarly situated salaried employees as exempt from FLSA and AMWA maximum hour requirements under 29 U.S.C. § 213.

34.     Plaintiff's job duties and responsibilities did not qualify him as exempt from FLSA and AMWA maximum hour requirements, as he did not meet the exemption requirements under 29 U.S.C. §213.

35.     At all relevant times, Plaintiff's primary duties did not include the application of systems analysis techniques and procedures, including consulting with users, to determine hardware, software, or system functional specifications.

36.     At all relevant times, Plaintiff's primary duties did not include the design, development, documentation, analysis, creation, testing, or modification of computer systems or programs, including prototypes, based on and related to user or system design specifications.

37.     At all relevant times, Plaintiff's primary duties did not include the design, documentation, testing, creation, or modification of computer programs related to machine operating systems.

38.     At all relevant times, Plaintiff's primary duties did not include a combination of the duties described in the three preceding paragraphs, and requiring the same level of skills.

39.     At all relevant times, Plaintiff did not have the primary duty of managing the enterprise in which he was employed, or managing a customarily recognized department or subdivision thereof.

40.     At all relevant times, Plaintiff did not have the authority to hire or fire other employees, and his suggestions and recommendations to the hiring, firing, advancement, or promotion of employees were not given particular weight.

41.     At all relevant times, Plaintiff Macheak did not have the authority to formulate, affect, interpret, or implement management policies or operating practices of Defendant or Defendant's customers.

42.     At all relevant times, Plaintiff's primary duties did not include carrying out major assignments directly related to management of the operations of Defendant's business or Defendant's customers.

43.     At all relevant times, Plaintiff's primary duties did not include work that affect the business operations of Defendant or Defendant's customers to a substantial degree.

44.     At all relevant times, Plaintiff did not have the authority to commit Defendant or Defendant's customers in matters that had significant financial impact.

45.     At all relevant times, Plaintiff did not have authority to waive or deviate from established policies and procedures without prior approval.

46.     At all relevant times, Plaintiff did not have authority to negotiate and bind Defendant or Defendant's customers on significant matters.

47.     At all relevant times, Plaintiff did not have a primary duty of providing consultation or expert advice to the management of Defendant or Defendant's customers.

48.     At all relevant times, Plaintiff was not involved in planning the long- or short-term business objectives of Defendant or Defendant's customers.

49.     At all relevant times, Plaintiff did not investigate and resolve matters of significance on behalf of the management of Defendant or Defendant's customers.

50.     At all relevant times, Plaintiff did not represent Defendant in handling complaints, arbitrating disputes, or resolving grievances.

51.     At all relevant times, Plaintiff did not have the authority to make independent choices, free from immediate direction or supervision.

52.     At all relevant times, Plaintiff's primary duties consisted of applying well-established techniques, procedures. or specific standards described in manuals or other sources.

53.     Throughout the Relevant Time Period, Plaintiff did not have the primary duty of performing office or non-manual work directly related to the management or general business operations of Defendant or Defendant's customers.

54.     Throughout the Relevant Time Period, Plaintiff did not have a primary duty that included the exercise of discretion and independent judgment with respect to matters of significance.

55.     Throughout the Relevant Time Period, Plaintiff was not employed in a bona fide professional capacity within the meaning of 29 USC § 213(a)(1).

56.     At all relevant times, Plaintiff was not employed in a bona fide administrative capacity within the meaning of 29 USC § 213(a)(1).

57.     At all relevant times, Plaintiff was not employed in a bona fide executive capacity within the meaning of 29 USC § 213(a)(1).

56.     At all relevant times, Plaintiff was not employed as a "computer professional" within the meaning of 29 USC § 213(a)(17).

57.     At all times during the Relevant Time Period, Plaintiff was not exempt from the maximum hour requirements of the FLSA and AMWA by reason of any FLSA or AMWA exemption.

58.     Defendant violated the FLSA and AMWA by not misclassifying Plaintiff and other similarly-situated salaried employees as exempt from FLSA and AMWA provisions, and failing to pay them overtime for hours worked over forty (40) in a given work week.

59.     The pay practices that violate the FLSA and AMWA alleged herein was a centralized human resources policy implemented uniformly from Defendant's corporate headquarters.

60.     Defendant knew or showed reckless disregard for whether the way they paid Plaintiff and other similarly situated employees violated the FLSA and AMWA.

61.     At the time Plaintiff Macheak was terminated by Defendant, he had accrued a balance of paid time off through the course of his employment.

62.     Defendant failed to pay Plaintiff Macheak for his accrued paid time off that he contracted and gave consideration for with the Defendant.

63.     As a result of Defendant's policies and practices, Plaintiff was damaged in the form of not being paid for time he accrued and was promised.

## V.     REPRESENTATIVE ACTION ALLEGATIONS

### A.     FLSA § 216(b) Class

64.     Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

65.     Plaintiff brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

66.     Plaintiff brings his FLSA claims on behalf of all salaried employees employed by Defendant at any time within the applicable statute of limitations period, who were misclassified by Defendant as exempt from the overtime requirements of the FLSA under the provisions of 29 U.S.C. § 213, and who are entitled to payment of the following types of damages:

A.     Payment for all hours worked, including payment of a lawful overtime premium for all hours worked for Defendant in excess of forty (40) hours in a workweek; and

B.     Liquidated damages; and

C.     Attorneys' fees and costs.

67.     The relevant time period dates back three years from the date on which Plaintiff's Class and Collective Action Complaint was filed and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a).

68.     The members of the proposed FLSA Collective are similarly situated in that they share these traits:

A.     They were misclassified by Defendant as exempt from the overtime requirements of the FLSA, in that they did not qualify as exempt under the provisions of 29 U.S.C. § 213, as set forth in paragraphs thirty-three (33) through fifty-two (52) of this complaint;

B.     They were paid a set salaried rate; and

C.     They were not paid for hours they worked over forty (40) in a given work week.

69.     Plaintiff is unable to state the exact number of the potential members of the FLSA Collective but believe that the group exceeds 40 persons.

70.     Defendant can readily identify the members of the Section 16(b) Collective. The names, physical addresses, electronic mailing addresses, and phone numbers of the FLSA collective action Plaintiff are available from Defendant, and a Court-approved Notice should be provided to the FLSA collective action Plaintiff via first class mail, email, and text message to their last known physical addresses, electronic mailing addresses, and cell phone numbers as soon as possible, together with other documents and information descriptive of Plaintiff's FLSA claim.

### B.     AMWA Rule 23 Class

71.     Plaintiff, individually and on behalf of all others similarly situated who were employed by Defendant within the State of Arkansas, brings this claim for relief for violation of the AMWA as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

72.     Plaintiff proposes to represent the class of employees who are/were employed by Defendant within the relevant time period within the State of Arkansas, and who were misclassified by the Defendant as exempt from AMWA maximum hours requirements under the provisions of 29 U.S.C. §213.

73.     Common questions of law and fact relate to all members of the proposed class, such as whether as a result Defendant's misclassification of employees as exempt from the maximum hour requirements under the provisions of 29 § U.S.C. 213, Defendant paid members of the proposed class a lawful overtime wage in accordance with the AMWA.

74.     Common questions of law and fact predominate over any questions affecting only the individually-named Plaintiff, and a class action is superior to other available methods for fairly and efficiently adjudicating the claims of the members of the proposed AMWA class.

75.     The class members have no interest in individually controlling the prosecution of separate actions because the policy of the AMWA provides a bright-line rule for protecting all non-exempt employees as a class.  To wit: "It is declared to be the public policy of the State of Arkansas to establish minimum wages for workers in order to safeguard their health, efficiency, and general well-being and to protect them as well as their employers from the effects of serious and unfair competition resulting from wage levels detrimental to their health, efficiency, and well-being." Ark. Code Ann. § 11-4-202.

76.     Plaintiff is unable to state the exact number of the potential members of the AMWA class but believe that the class exceeds 200 persons. Therefore, the class is so numerous that joinder of all members is impracticable.

77.     At the time of the filing of this Complaint, neither Plaintiff nor Plaintiff's counsel knows of any litigation already begun by any members of the proposed class concerning the allegations in this Complaint.

78.     Concentrating the litigation in this forum is highly desirable because Plaintiff worked for Defendant at their facilities located within the Eastern District of Arkansas and because Plaintiff and all proposed class members work or worked in Arkansas.

79.     No difficulties are likely to be encountered in the management of this class action.

80.     The claims of Plaintiff are typical of the claims of the proposed class in that Plaintiff was misclassified by Defendant as a salaried exempt employee and experienced the same violations of the AMWA that all other class members suffered.

81.     Plaintiff and his counsel will fairly and adequately protect the interests of the class.

82.     Plaintiff's counsel is competent to litigate Rule 23 class actions and other complex litigation matters, including wage and hour cases like this one, and to the extent, if any, that they find that they are not, they are able and willing to associate additional counsel.

83.     Prosecution of separate actions by individual members of the proposed class would create the risk of inconsistent or varying adjudications with respect to individual members of the proposed class that would establish incompatible standards of conduct for Defendant.

## VI.     FIRST CLAIM FOR RELIEF
### (Individual Claims for Violation of FLSA)

84.     Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

85.     29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay time and

a half of regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

86.     During the period relevant to this lawsuit, Defendant misclassified Plaintiff as exempt from the maximum hour requirements of the FLSA under the provisions of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

87.     Based on Plaintiff's job duties and responsibilities, he should have been classified as a non-exempt employee, as he did not meet the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

88.     Plaintiff was at all times entitled to the protections of FLSA and AMWA, including a lawful overtime payment of one and one-half times his regular rate of pay for all hours worked over forty (40) in each one-week period.

89.     Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary, and in bad faith.

90.     By reason of the unlawful acts alleged in this Complaint, Defendant is liable to Plaintiff for, and Plaintiff seeks, unpaid overtime wages, liquidated damages, and costs, including reasonable attorney's fees as provided by the FLSA.

91.     Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VII.   SECOND CLAIM FOR RELIEF
### (Collective Action Claim for Violation of FLSA)

92.   Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

93.   Plaintiff brings this collective action on behalf of all salaried employees employed by Defendant at any time within the applicable statute of limitations period, who were misclassified by Defendant as exempt from the overtime requirements of the FLSA under the provisions of 29 U.S.C. § 213, to recover monetary damages owed by Defendant to Plaintiff and members of the putative collective for all the overtime compensation for all the hours he and they worked in excess of forty (40) each week.

94.   Plaintiff bring this action on behalf of himself individually and all other similarly situated employees, former and present, who were and/or are affected by Defendant's willful and intentional violation of the FLSA.

95.   During the period relevant to this lawsuit, Defendant misclassified Plaintiff and all similarly situated members of the FLSA collective as exempt from the maximum hour requirements of the FLSA, by classifying them as exempt under 29 U.S.C. § 213.

96.   Plaintiff and other similarly situated members of the FLSA collective did not qualify as exempt as defined by 29 U.S.C. § 213.

97.   Plaintiff and other similarly situated members of the FLSA collective should have been classified as non-exempt from the FLSA maximum hours requirement.

98.   Despite the entitlement of Plaintiff and those similarly situated to minimum wage and overtime payments under the FLSA, Defendant failed to pay Plaintiff and all those similarly

situated an overtime rate of one and one-half times their regular rates of pay for all hours worked over forty (40) in each one-week period.

99.     In the past three years, Defendant has employed hundreds of salaried exempt employees.

100.    Like Plaintiff, these salaried exempt employees regularly worked more than forty (40) hours in a week.

101.    Defendant failed to pay these workers at the proper overtime rate.

102.    Because these employees are similarly situated to Plaintiff, and are owed overtime for the same reasons, the opt-in class may be properly defined as:

> **Each salaried computer employee who, within the three years preceding the filing of this Complaint, did not qualify as exempt under the provisions of 29 U.S.C. § 213, and who worked more than thirty-nine (39) hours in any week.**

103.    Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

104.    By reason of the unlawful acts alleged in this Complaint, Defendant is liable to Plaintiff and all those similarly situated for, and Plaintiff and all those similarly situated seek, unpaid overtime wages, liquidated damages, and costs, including reasonable attorney's fees as provided by the FLSA.

105.    Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff and all those similarly situated as provided by the FLSA, Plaintiff and all those similarly situated are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII.   THIRD CLAIM FOR RELIEF

### (Individual Claims for Violation of the AMWA)

106.    Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

107.    Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA, Arkansas Code Annotated §§ 11-4-201, *et seq.*

108.    At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

109.    Arkansas Code Annotated § 11-4-211 requires employers to pay all employees one and one-half times regular wages for all hours worked over forty (40) hours in a week unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

110.    Defendant misclassified Plaintiff as meeting the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

111.    Plaintiff did not meet the exemption requirements of 29 U.S.C. § 213.

112.    Plaintiff should have been classified as non-exempt from FLSA and AMWA maximum hours requirements.

113.    As a result of this misclassification, Plaintiff was not paid a lawful overtime wage for hours worked over forty (40) in a one week period.

114.    Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

115.    By reason of the unlawful acts alleged in this Complaint, Defendant is liable to Plaintiff for monetary damages, liquidated damages, costs, and a reasonable attorney's fee

provided by the AMWA for all violations which occurred beginning at least three (3) years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

116.    Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the AMWA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## IX.    FOURTH CLAIM FOR RELIEF
### (Class Action Claim for Violation of the AMWA)

117.    Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

118.    Plaintiff, individually and on behalf of all others similarly situated who were employed by Defendant within the State of Arkansas, asserts this claim for damages and declaratory relief pursuant to the AMWA, Arkansas Code Annotated §§ 11-4-201 *et seq*.

119.    At all relevant times, Defendant has been and continues to be the "employer" of Plaintiff and the members of the proposed class within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

120.    Arkansas Code Annotated § 11-4-211 requires employers to pay all employees one and one-half times their regular wages for all hours worked over forty (40) hours in a week unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

121.    Defendant misclassified Plaintiff and members of the proposed class as meeting the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

122.    Plaintiff and members of the proposed class did not meet the exemption requirements of 29 U.S.C. § 213.

123.     Plaintiff and members of the proposed class should have been classified as non-exempt from FLSA and AMWA maximum hours requirements.

124.     As a result of this misclassification, Plaintiff and members of the proposed class were not paid a lawful overtime wage for hours worked over forty (40) in a one week period.

125.     Plaintiff proposes to represent a class of individuals who are owed overtime wages and other damages for the same reasons as Plaintiff, which may be defined as follows:

> **Each salaried computer employee who, within the three years preceding the filing of this Complaint, did not qualify as exempt under the provisions of 29 U.S.C. § 213, and who worked more than thirty-nine (39) hours in any week.**

126.     Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

127.     By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and the proposed class for monetary damages, liquidated damages, costs, and a reasonable attorney's fee provided by the AMWA for all violations which occurred within the three (3) years prior to the filing of this Complaint, plus periods of equitable tolling.

128.     Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff and members of the proposed class as provided by the AMWA, Plaintiff and members of the proposed class are entitled to an award of prejudgment interest at the applicable legal rate.

## X. FIFTH CLAIM FOR RELIEF
### (Individual Claim for Breach of Contract
### and unjust enrichment in the alternative)

129.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

130.     Defendant offered, and Plaintiff accepted, employment with the Defendant, creating a contract for employment. Plaintiff justifiably relied upon this promise to pay a set rate for vacation and sick time in accepting the contract for employment.

131.     At the time Plaintiff was terminated by the Defendant, Defendant refused to pay out the vacation and sick time accrued by the Plaintiff, resulting in Plaintiff receiving less than provided for in the contract.

132.     The consideration for each contract of employment was the payment of wages as agreed upon by Defendant and Plaintiff.

133.     Plaintiff performed all conditions precedent to performance by Defendant.

134.     Defendant breached this contract of employment with Plaintiff by deliberately failing to pay Plaintiff as promised, including payment for accrued vacation and sick time.

135.     Plaintiff was damaged by Defendant's breach in that he was not compensated for the full terms of his employment contract.

136.     Plaintiff is entitled to recover payment for all time to which he is owed by contract, and all other damages from this breach of contract.

## XI.     PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Samuel Macheak respectfully prays that Defendant be summoned to appear and to answer herein as follows:

(A)     That Defendant be required to account to Plaintiff, the class, and collective members, and the Court for all of the hours worked by Plaintiff and the class and collective members and all monies paid to them;

(B)     A declaratory judgment that Defendant's practices violate the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*;

(C)     A declaratory judgment that Defendant's practices violate the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* and the related regulations;

(D)     Certification of, and proper notice to, together with an opportunity to participate in the litigation, all qualifying current and former employees;

(E)     Judgment for damages for all unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.;*

(F)     Judgment for damages for all unpaid overtime compensation under the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* and the related regulations;

(G)     Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiff and members of the class and collective during the applicable statutory period;

(H)     Judgment for liquidated damages pursuant to the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.*, and the relating regulations, in an amount equal to all unpaid overtime compensation owed to Plaintiff and members of the class and collective during the applicable statutory period;

(I)     An order directing Defendant to pay Plaintiff and members of the class and collective pre-judgment interest, reasonable attorney's fees, and all costs connected with this action; and

(J)     Judgment for damages for breach of contract and unjust enrichment;

(K)     Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**Samuel Macheak, Individually and on Behalf of
All Others Similarly Situated, PLAINTIFF**

WH Law | We Help
1 Riverfront Pl. – Suite 745
North Little Rock, AR 72114
(501) 891-6000

By:      *Chris Burks*
Chris Burks (ABN: 2010207)
chris@wh.law